PROB 12B
(7/93)

# United States District Court

for

District of Guam



FILED
DISTRICT COURT OF GUAM
SEP -1 2006
MARY L.M. MORAN
CLERK OF COURT

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Soledad Santos Silverio**  Case Number: **CR 01-00126-002**

Name of Sentencing Judicial Officer:  Consuelo B. Marshall

Date of Original Sentence:  August 2, 2005

Original Offense:  Attempted Possession of Crystal Methamphetamine aka "Ice" with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Original Sentence:  12 months plus one day imprisonment, followed by a five year term of supervised release with conditions: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm; cooperate in the collection of DNA; comply with the standard conditions of supervision; participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency, which will include testing for the detection of substance use or abuse; obtain and maintain gainful employment; perform 200 hours of community service; and pay a $100 special assessment fee.

Type of Supervision:  Supervised Release  Date Supervision: August 4, 2006

## PETITIONING THE COURT

☐ To extend the term of supervision _____ years, for a total term _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Case 1:01-cr-00126   Document 60   Filed 09/01/2006   Page 1 of 3   **ORIGINAL**

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender

page 2

## CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Ms. Silverio's history of drug use, and the drug detection period of her drug of choice. As her offense of conviction is methamphetamine related, with the drug having a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Ms. Silverio. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Ms. Silverio must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Ms. Silverio tested negative on two urinalysis conducted thus far. She has been referred for drug testing. Ms. Silverio's community service requirement will commence on August 28, 2006 at the National Park Service. She paid her $100 special assessment fee on August 16, 2005, and submitted to a DNA sampling of her blood while in custody at the Bureau of Prisons on June 13, 2006. In addition, since August 1, 2006, she has been gainfully employed as a front desk clerk at Hunter's Inn, and earns $5.75 per hour.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Ms. Silverio's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date: 8/30/06

Respectfully submitted,

by: JOHN W. SAN NICOLAS II
U.S. Probation Officer

Date: Aug 30, 2006

## THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

RECEIVED
AUG 31 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

RONALD B. LEIGHTON, Designated Judge*
Signature of Judicial Officer

September 1, 2006
Date

*The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation

PROB 49
(3/89)

# United States District Court

District  Guam

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness _____  Signed _____
        U.S. Probation Officer                                   Probationer or Supervised Releasee

                                           8/21/06
                                             Date